UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

RENDELL JEREL MOORE )
 )   Case No. 4:22-cv-32
v. )
 )   Judge Travis R. McDonough
BEDFORD COUNTY JAIL )
 )   Magistrate Judge Christopher H. Steger
 )

## MEMORANDUM OPINION

Plaintiff, a former inmate in the Bedford County Jail now incarcerated in Alabama, has filed a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1), which the United States District Court for the Middle District of Tennessee transferred to this Court (Doc. 3), and a motion for leave to proceed *in forma pauperis* (Doc. 9).[1] For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

I. **FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) that he is unable to pay the filing fee, this motion will be **GRANTED**.

---

[1] Plaintiff also filed an affidavit regarding permission to appeal *in forma pauperis*. (Doc. 11.) However, because Plaintiff states on the first page of this affidavit that his issues on appeal are that he "can[]not afford to pay the filing fee" (*id.* at 1), and because this case was still pending before this Court when Plaintiff filed this affidavit, it appears that Plaintiff intended the affidavit to be part of his motion for leave to proceed *in forma pauperis*. (Doc. 9.) But that motion includes all the required documents for the Court to allow Plaintiff to proceed *in forma pauperis*, rendering the additional affidavit (Doc. 11) unnecessary.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee, 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausibly claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Analysis**

Plaintiff has sued the Bedford County Jail because jail staff gave his property to another inmate's family. (Doc. 1, at 1–2, 3, 5.) As relief, Plaintiff seeks reimbursement for his property. (*Id.* at 5.)

But while Plaintiff named the Bedford County Jail as the only Defendant in this action, this jail facility is not a "person" subject to § 1983 liability. *See, e.g.*, *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Moreover, as Plaintiff has not alleged that any policies and/or customs at the jail caused the loss of his property, the Court cannot liberally construe the complaint to state a claim upon which relief may be granted under § 1983 against Bedford County. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining that a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

3

Additionally, even if Plaintiff had sued the jail employee who gave his property to another inmate's family, the complaint would still fail to state a claim upon which relief may be granted under § 1983. Specifically, it appears from the complaint as a whole that the taking of Plaintiff's property was random and not pursuant to a policy, and the United States Supreme Court has held that such random property takings do not violate the Due Process Clause of the Fourteenth Amendment if the state provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)*, overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). The Sixth Circuit therefore requires a prisoner seeking relief for a random taking to plead that the state's post-deprivation procedures are inadequate to remedy that taking in order to state a plausible constitutional claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Plaintiff does not assert in his complaint that Tennessee law does not provide an adequate remedy for the alleged taking of his property, nor does it appear that he could do so, as Tennessee law provides that individuals may file a tort claim in state court for such takings. *See Howes v. Williamson Cnty. Jail*, No. 3:21-CV-802, 2021 WL 5015812, at *2 (M.D. Tenn. Oct. 28, 2021) (citations omitted).

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983, and therefore this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 9) will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**